```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
UNITED STATES OF AMERICA,                                       :
                                                                :
                            Plaintiff,                          :
                                                                :   MEMORANDUM DECISION AND
              – against –                                       :   ORDER
                                                                :
JEFFREY FAUSTIN,                                                :   22-CR-139 (AMD)
                                                                :
                            Defendant.                          :
                                                                :
--------------------------------------------------------------- X
```

**ANN M. DONNELLY**, United States District Judge:

On November 8, 2022, the Court sentenced the defendant to an above-Guidelines sentence of fifty-two months in prison and two years of supervised release. (*ECF Minute Entry dated Nov. 8, 2022*.) Before the Court is the defendant's motion to reduce his sentence based on an amendment to the United States Sentencing Guidelines, which changes the defendant's criminal history category from category V to category IV and reduces the applicable Guidelines range from 37 to 46 months to 30 to 37 months. (ECF No. 32.) The government agrees that the defendant is eligible for resentencing, but argues that the appropriate adjusted offense level is 17 and that the revised Guideline range is 37 to 46 months. (ECF No. 33.)[1] As explained below, the Court reduces the defendant's sentence from 52 months to 43 months.

## BACKGROUND

On June 3, 2022, the defendant pled guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). (*ECF Minute Entry dated June 3, 2022*.) The Court agreed with Probation that the appropriate Guideline range was

---

[1] This calculation appears to be based on the government's argument at sentencing — which the Court rejected — that Probation should not have grouped the two offenses. The Court declines to revisit that decision.

37 to 46 months but observed that the sentence in this case was "driven by the 3553(a) factors" rather than the Guidelines.  (Sentencing Tr. at 9.)  In particular, the Court considered the defendant's "pattern" of possessing and using guns.  (*Id.* at 26.)  In 2013, the defendant fired a gun into a woman's apartment.  (*Id.*)  In 2018, the defendant stashed a loaded gun in the laundry room of his building. *See United States v. Faustin*, No. 18-CR-361 (E.D.N.Y. 2018).  In that case, the Court imposed a below-guidelines sentence of a year and a day, based on the defendant's age and his expressed remorse, among other factors.  *See id.*  Shortly after his release on that case, however, the defendant committed two separate gun crimes, demonstrating that he had not been deterred by the Court's sentence in the 2018 case.  (Sentencing Tr. at 17–18.)  In the first, he carried a loaded gun in the subway and threatened to shoot a rival gang member.  (*Id.* at 18.)  In the second, he possessed another loaded gun.  (*Id.* at 17–18.)  Under these circumstances, the below-guidelines sentence for which defense counsel advocated "would not promote respect for the law . . . it wouldn't act as a deterrent, and . . . the public would [not] be protected."  (*Id.* at 26–27.)  The appropriate sentence, the Court found, was 52 months imprisonment — six months above the guidelines range in effect at that time.  (*ECF Minute Entry dated Nov. 8, 2022*.)

## DISCUSSION

A defendant who "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move to have his sentence reduced under 18 U.S.C. § 3582(c)(2).  A court determining whether a reduction is warranted begins by calculating "the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. §

1B1.1Q(b)(1)).  If the revised Guidelines range allows for a reduction, the court may reduce the sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Section 3553 "address[es] 'general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency.'"  *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 2007)).  A court may also consider the defendant's "post-sentencing conduct" in determining whether a reduced sentence is warranted.  U.S.S.G. § 1B1.10, cmt. 1.B(iii).

The defendant moves for a reduced sentence in light of Amendment 821 to the Guidelines, which limited the impact of "status points" in calculating a defendant's criminal history status.[2]  (ECF No. 32 at 1–2.)  In relevant part, Amendment 821 "decreases status points by one point for offenders with seven or more criminal history points and eliminates them altogether for offenders with six or less criminal history points."  *United States v. Torres*, No. 06-CR-987, 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024).

The parties agree that the defendant is eligible for a modified sentence because his "criminal history points would be reduced from 10 to 9 points, and from category V to category IV," resulting in a revised Guidelines range of 30 to 37 months.[3]  (ECF No. 32 at 3; ECF No. 33 at 1.)  After "re-reviewing the record of this case and carefully consider[ing] anew all of the § 3553(a) factors that [were] originally considered at sentencing," *United States v. Perez*, No. 22-

---

[2] Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  *See* U.S.S.G. § 1B1.10(d).

[3] As noted above, the government maintains that the total offense level is 17 and the criminal history category is IV, and that the defendant's revised guidelines range is 37 to 46 months.  (ECF No. 33.)

3

CR-122, 2024 WL 2293828, at *2 (E.D.N.Y. May 21, 2024) (citation and quotations omitted), the Court adheres to its determination that the 3553(a) factors required an above-Guidelines sentence. However, the Court reduces the sentence to 43 months, which is six months above the revised Guideline range. This sentence achieves the purposes of sentencing set forth in Section 3553(a).

**SO ORDERED.**

s/Ann M. Donnelly

_____

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       October 10, 2024

4